Patterson, J.
(dissenting). Because I disagree with the majority’s conclusion that Department of Motor Vehicles (DMV) records are admissible even if obtained in violation of the Fourth Amendment, I respectfully dissent.
The facts of this case are not in dispute. Defendant was arrested near a garage on Bedford Avenue that was under surveillance pursuant to a search warrant. The warrant authorized the search of the garage for a stolen car and “of any person who may be found to have [such car] in his possession or under his control, or to whom such property may have been delivered.” Defendant was not named in the warrant.
On February 23, 2002, pursuant to the warrant, a police officer observed an individual leave the garage, lock its door and enter a vehicle driven by defendant. It is undisputed that neither defendant nor his vehicle were in the garage. It is also undisputed that defendant’s vehicle did not match the vehicle described in the warrant. The officer stopped defendant’s car and asked defendant for his driver’s license. When defendant was unable to produce it, the officer searched defendant’s DMV records, and determined that his license was suspended.
While I agree that the officer had reasonable suspicion to stop the vehicle for the purpose of seizing the passenger, I would further conclude that he had no basis to demand defendant’s license or to search defendant’s DMV records. In my view, a demand for a driver’s license invokes a De Bour level II *104 common-law right of inquiry, which requires “a founded suspicion that criminal activity is afoot” (People v De Bour, 40 NY2d 210, 223 [1976]). Here, no such suspicion existed as to defendant and nothing in the officer’s observations gave him the authority to question defendant. Neither defendant nor his vehicle were in the garage, nor was the defendant in possession of the stolen vehicle described in the warrant. Because the officer had no basis to demand defendant’s driver’s license, any evidence obtained from a search of his DMV records was suppressible as the fruit of an unlawful inquiry.
The majority, however, contends that regardless of the lawfulness of the officer’s inquiry, defendant has no privacy interest in the DMV records and, thus, lacks standing to challenge their admissibility. I disagree. Defendant was not required to establish an expectation of privacy in the items that arose from the unlawful seizure, as long as he had an expectation of privacy in the seizure itself (see People v May, 81 NY2d 725 [1992]; People v Gittens, 110 AD2d 908 [2d Dept 1985]). Had it not been for the officer’s unlawful inquiry, defendant’s DMV records would not have been discovered.
Accordingly, I agree with the court below that the DMV records are subject to suppression and would vote to affirm.
Aronin, J.E, and Rios, J., concur; Patterson, J., dissents in a separate memorandum.